**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARYEH COHEN,<br><br>        Plaintiff,<br><br>        v.<br><br>SUMMER SANKS, *et al.*,<br><br>        Defendants. | Civil Action No. 23-01982 (MAS) (JBD)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

    This matter comes before the Court on two separate motions. First, *pro se* Plaintiff Aryeh Cohen ("Plaintiff") moves to remand the matter to state court (ECF No. 8), arguing that the claims asserted in the original Complaint arise solely under New Jersey law. In addition to opposing Plaintiff's motion to remand (ECF No. 10), Defendants Summer Sanks ("Sanks") and Jetblue Airways Corp. ("Jetblue") (collectively, "Defendants") move to dismiss the Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 9.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

    For the reasons set forth below, the Court **GRANTS** Plaintiff's motion to remand this case to state court for lack of subject matter jurisdiction, and as a result, **DENIES** Defendants' motion to dismiss as moot.

I.  **BACKGROUND**[1]

Plaintiff alleges that on February 17, 2021, he was flying with his mother aboard a Jetblue flight from Palm Beach International Airport to Newark Liberty International Airport.[2] (ECF No. 6 ("Am. Compl.") ¶¶ 9-10.) According to Plaintiff, Jetblue flight attendants harassed several Hasidic Jewish women who were also passengers on the flight. (*Id.* ¶ 18.) For example, Plaintiff claims that although "many passengers had their mask[s] lowered to eat, breath[e] and [for] the occasional slippage," Jetblue's flight attendants "displayed their discriminatory propensity by signaling out two Hassidic Jewish women on the flight to berate." (*Id.* ¶ 19.) During the flight, the flight attendants purportedly yelled at the women for "eating too much" and "eating too long." (*Id.* ¶ 20.) In addition to "berating" those two women in particular, Plaintiff also alleges that the flight attendants exhibited discriminatory behavior toward other Hasidic women aboard the flight. (*Id.* ¶¶ 21-22.) Plaintiff alleges that the flight attendants "chastised" a group of Hasidic women aboard the plane, labeling them as "troublemaker…Hasidic Jews." (*Id.* ¶ 22.) Upon landing in Newark, Plaintiff further claims that the flight attendants told the Hasidic women that their "'whole group were [sic] in Big Trouble.'" (*Id.* ¶ 23.)

With respect to Plaintiff, specifically, he alleges that his mother required a wheelchair upon landing in Newark. (*Id.* ¶¶ 10, 24.) According to Plaintiff, however, once at the arrival gate, Sanks boarded the plane and ordered his mother's wheelchair operator to "to put the Jew in the (sic)

---

[1] The relevant facts are derived from the Amended Complaint and assumed true for the purposes of this motion. *Phillips v. County of Alleghany*, 515 F.3d 224, 228 (3d Cir. 2008).

[2] The Court notes the existence of a separate, but related, action filed in this District, *see Eva Cohen v. Sanks, et al.*, No. 23-00868 (the "Eva Action"), by what appears to be Plaintiff's mother. In that case, Defendants filed a motion to consolidate the Eva Action with this case. (*See* Eva Action, ECF No. 6.) The Court addresses that motion herein.

pen…and detain her there." (*Id.* ¶ 24)³ Plaintiff further claims that he and his mother were unlawfully detained in this area separate from the other passengers exiting their plane from approximately 9:40 p.m. to 10:20 p.m., and that Defendants refused to grant them access to the airport restrooms. (*Id.* ¶¶ 25-28, 103.)

On February 15, 2023, Plaintiff filed his Complaint in the Superior Court of New Jersey, Law Division, Middlesex County under docket MID-L-001142-23, asserting the following seven causes of action: violations of the New Jersey Law Against Discrimination ("NJLAD") for purported discrimination based on race and religion (Counts One and Two), false imprisonment (Count Three), negligent infliction of emotional distress (Count Four), intentional infliction of emotional distress (Count Five); negligent training (Count Six); and negligence (Count Seven). (*See generally* Compl.) Two months later, on April 6, 2023, Defendants removed the case (*see* ECF No. 1) to this Court based upon 28 U.S.C. § 1331, which grants a federal court "subject matter jurisdiction to hear claims 'arising under the Constitution, laws, or treatises of the United States." *Palmer v. Univ. of Med. & Dentistry of N.J.*, 605 F. Supp. 2d 624, 627 (D.N.J. 2009).

On April 12, 2023, Defendants filed a motion to dismiss ("First Motion to Dismiss") the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6); Plaintiff, however, filed an Amended Complaint on May 3, 2023, asserting the same seven causes of action. (ECF Nos. 3 and 6.) Two weeks later, on May 12, 2023, Plaintiff also filed a motion to remand this case to state court, arguing that his claims arise solely under New Jersey law. (ECF No. 8.) On May 15, 2023, Defendants filed a motion to dismiss ("Second Motion to Dismiss") the Amended Complaint. (ECF No. 9.)

---

³ In the Eva Action, Plaintiff also alleges that Sanks told the wheelchair operator: "Oh she's the Jew…take her to the 'pen' (Enclosed Area) on the right…and leave her there…[.]" (Eva Action, ECF No. 1, ¶ 100.)

3

On May 24, 2023, the Court entered a Text Order explaining that pursuant to Rule 15(a) and based on the Court's inherent authority to control the matters on its docket, Plaintiff's Amended Complaint serves as the operative pleading in this matter. As a result, the Court denied Defendants' First Motion to Dismiss as moot and stated that it would review Defendants' Second Motion to Dismiss (*see* ECF No. 9) in the ordinary course.[4]

The parties have filed opposition briefs and reply briefs in response to each of the motions pending before the Court, and therefore, Plaintiff's motion to remand and Defendants' motion to dismiss are ripe for the Court's review.

## II. **DISCUSSION**

At the outset, the Court considers Plaintiff's motion to remand the action to state court, in which Plaintiff argues that no basis for removal exists because the Complaint does not assert any claims under federal law. Federal courts are courts of limited jurisdiction, meaning that for a federal court to hear a case, it must have jurisdiction over the issue, such as diversity or federal question jurisdiction. *In re Morrissey*, 717 F.2d 100, 102 (3d Cir. 1983). The federal removal statute, 28 U.S.C. § 1441, states that unless "otherwise expressly provided by . . . Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A plaintiff can move to remand a case removed to a federal court where the court lacks subject matter jurisdiction or removal was otherwise improper. *Id.* § 1447(c).

---

[4] In addition, Plaintiff moved for additional time to oppose Defendants' Second Motion to Dismiss, which the Court granted. (ECF No. 14.)

The Third Circuit has held that the removal statute "is to be strictly construed against removal" to honor Congressional intent. *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985) ("Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand."). Thus, a district court has the authority to remand a case that was removed to federal court if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction . . . ." 28 U.S.C. § 1447(c). To defeat a motion to remand, a defendant bears the burden of demonstrating the federal court's jurisdiction. *Abels*, 770 F.2d at 29 (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)).

Here, the Court finds that because the Complaint merely references federal law, remand is appropriate.[5] *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986) (mentioning a federal issue in a state law complaint does not create subject matter jurisdiction); *Wickersham v. T.D. Bank, NA*, No. 13-7108, 2014 WL 2571640, at *2 (June 9, 2014) ("[A] mere mention of federal law is insufficient to sustain [subject matter] jurisdiction"); *see also Litwak v. Tomoko*, No. 18-01377, 2018 WL 4256831, at *2 (M.D. Pa. Sept. 6, 2018). The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal

---

[5] The Court recognizes that although Plaintiff has filed an Amended Complaint, "[t]he removability of a legal matter is determined from the plaintiff's pleadings at the time of removal." *Costa v. Verizon N.J., Inc.*, 936 F. Supp. 2d 455, 458 (D.N.J. 2013). Further, the Court is aware that "[a] subsequent amendment to the complaint after removal designed to eliminate the federal claim will not defeat federal jurisdiction." *Westmoreland Hosp. Ass'n v. Blue Cross of W. Pa.*, 605 F.2d 119, 123 (3d Cir. 1979). That said, the Court notes that the Amended Complaint does not include any reference to the federal statutes and laws found in the original Complaint. *See GJJM Enters., LLC v. City of Atl. City*, No. 09-4447, 2009 WL 10728024, at *2 (D.N.J. Dec. 18, 2009) (remanding case to state court where amended complaint removed references to federal law and voluntarily dismissed claims over which the Court had original jurisdiction).

jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Courts apply the well-pleaded complaint rule "because plaintiffs are the 'masters of their claims[,]'" and if "plaintiffs say their claims are state-law claims, we <u>almost always credit that</u> . . . . After all, [plaintiffs] choose to sue, so they choose why." *City of Hoboken v. Chevron Corp.*, 45 F.4th 699, 707 (3d Cir. 2022) (emphasis added) (quoting *Caterpillar*, 482 U.S. at 392) (internal citation omitted); *see Green Tree Servicing LLC v. Dillard*, 88 F. Supp. 3d 399, 401 (D.N.J. 2015) ("Because the plaintiff acts as 'master of the claim,' a court looks to the face of a complaint in accordance with the 'well-pleaded complaint' rule in order to determine whether the action rests upon a federal claim."). With this framework in mind, the Court turns to the allegations of Plaintiff's Complaint, which contains only two express references to federal law:

- "Plaintiff is an individual member of a protected class under Federal and New Jersey State Law. Particularly under N.J. Stat. Ann. § 10:5-12(f)(1) (referred to as 'The New York [sic] Jersey Law Against Discrimination' 'NJLAD')..." (Compl. ¶ 17, ECF No. 1 at *19.)

- "Defendants' actions violated the FAA, OAEP, ACPD and DOT because it [sic] implicated and interfered with the Fundamental Right of the "Passengers' Right to Fly Free from Discrimination". (*Id.* ¶ 44, ECF No. 1 at *22.)

Critically, however, Plaintiff's claims against Defendants are clear and unambiguous, and none sound in federal law. Despite representing himself, Plaintiff's Complaint uses distinct headings to differentiate and separate his legal causes of action from the factual allegations giving rise to his claims. As a result, because the Complaint clearly identifies Plaintiff's intended causes of action, no confusion exists as to the nature of his claims. *See Dalal v. Costco Wholesale*, No. 22-05593, 2023 WL 2662347, at *5 (D.N.J. Mar. 28, 2023) (noting that "plaintiff is master of his complaint, and may choose to assert only state law claims in state court"). To be clear, the

6

Complaint asserts the following claims: violations of the NJLAD for purported discrimination based on race and religion; false imprisonment; negligent infliction of emotional distress; intentional infliction of emotional distress; negligent training; and negligence. None of these claims, despite the two references quoted above, concern questions of federal law or federal issues. Accordingly, because the Court finds that this matter does not contain any federal questions, nor is there diversity of citizenship between the parties, remand to state court is proper.

Because the Court finds in favor of remand for lack of subject matter jurisdiction, the Court denies Defendants' motion to consolidate filed in the *Eva* Action, as well as Defendants' motion to dismiss Plaintiff's Amended Complaint in this action as moot. *In re Corestates Tr. Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993), *aff'd*, 39 F.3d 61 (3d Cir. 1994) (finding that once the court lacks subject matter jurisdiction, all other objections become moot); *see also Okten v. ARS Nat'l Servs., Inc.*, No. 22-443, 2023 WL 3249828, at *1 (D.N.J. May 4, 2023) (noting that where a case was ultimately remanded to state court for lack of subject matter jurisdiction, a pending consolidation motion was denied as moot).

### III. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's motion to remand this case to state court for lack of subject matter jurisdiction, and as a result, **DENIES** Defendants' motion to dismiss as moot. The Court will enter an Order consistent with this Memorandum Opinion.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**